**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| **ALBERTO TORRES,** | ) | |
| | ) | |
| Plaintiff, | ) | CIV 09-01477 PHX ROS MEA |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **FOR DISMISSAL** |
| **CITY OF PHOENIX, CITY OF PHOENIX POLICE DEPARTMENT, ERIC BOARDMAN, DANIEL ADAIR,** | ) ) ) | **WITHOUT PREJUDICE** |
| | ) | |
| Defendants. | ) | |

**TO THE HONORABLE ROSLYN O. SILVER:**

Plaintiff filed his complaint on July 16, 2009. On July 31, 2009, Plaintiff was granted leave to proceed *in forma pauperis* and the Court ordered Plaintiff to complete and return a service packet for Defendant to the Court by August 20, 2009. That order warned Plaintiff that his failure to timely comply with the provisions of the order would result in the dismissal of the complaint.

Plaintiff returned service packets to the Court, Defendants were served and answered the complaint, and a scheduling order issued on December 12, 2009. Defendants noticed Plaintiff's deposition on March 31, 2010. The deadline for completing discovery in this matter was June 8, 2010.

The civil docket in this matter indicates that Plaintiff has not engaged in any activity with regard to his

case since the Court filed its scheduling order on December 11, 2009. The Local Civil Rules of the United States District Court for the District of Arizona provide that "cases which have had no proceedings for six (6) or more months may be dismissed by the Court for want of prosecution. Notice shall be given to the parties that such action is contemplated, and a status hearing shall be scheduled where the parties may show good cause why such action should not be taken." Local Civil Rule 41.1, United States District Court for the District of Arizona. On June 22, 2010, the Court ordered Plaintiff to show cause why this matter should not be dismissed for his failure to prosecute his claims. The Order to Show Cause was returned as undeliverable.

Plaintiff has a general duty to prosecute this case. Fidelity Phila. Trust Co. v. Pioche Mines Consol., Inc., 587 F.2d 27, 29 (9th Cir. 1978). In this regard, it is the duty of a plaintiff who has filed a *pro se* action to keep the Court apprised of his current address and to comply with the Court's orders in a timely fashion. This Court does not have an affirmative obligation to locate Plaintiff. "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988). Plaintiff's failure to keep the Court informed of his new address constitutes failure to prosecute.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may

move for dismissal of an action." In <u>Link v. Wabash Railroad Co.</u>, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. <u>Id.</u> at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." <u>Carey</u>, 856 F.2d at 1440 (quoting <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." <u>Wanderer v. Johnson</u>, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure to keep the Court informed of his address prevents the case from proceeding in the foreseeable future. The fourth factor, as always, weighs

against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. Without Plaintiff's current address, however, certain alternatives are bound to be futile. Here, as in Carey, "[a]n order to show cause why dismissal is not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail." 856 F.2d at 1441.

The Court finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case, the Court finds that a dismissal with prejudice would be unnecessarily harsh. The Complaint and this action will therefore be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS THEREFORE RECOMMENDED that**, pursuant to Rule 41(b), Federal Rules of Civil Procedure, this action be dismissed without prejudice for Plaintiff's failure to serve the Defendant in this matter and for Plaintiff's failure to comply with the Court's orders.

DATED this 12th day of July, 2010.

_____
Mark E. Aspey
United States Magistrate Judge